UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DOUGLAS JURIST,                    CIV. NO. 2:15-2033 WBS KJN

          Plaintiff,

    v.

RECEIVABLES PERFORMANCE
MANAGEMENT, LLC,

          Defendant.

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

A telephonic Status (Pretrial Scheduling) Conference was held in this matter on February 1, 2016.  David McGlothlin appeared as counsel for plaintiff and Sean Flynn appeared as counsel for defendant.  (Docket No. 13.)  Following the hearing, the court enters this Status (Pretrial Scheduling) Order:

I.   SERVICE OF PROCESS

Defendant does not dispute personal jurisdiction and has filed an answer to the Complaint.  (Docket No. 5.)  No

1

1  further service will be permitted without leave of court, good

2  cause having been shown under Federal Rule of Civil Procedure

3  16(b).

4        II.  JOINDER OF PARTIES/AMENDMENTS

5        Defendant may file an amended answer within fourteen

6  days of the date of this Order.  Thereafter, no further joinder

7  of parties or amendments to pleadings will be permitted except

8  with leave of court, good cause having been shown under Federal

9  Rule of Civil Procedure 16(b).  See Johnson v. Mammoth

10  Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

11        III. JURISDICTION/VENUE

12        Jurisdiction is predicated upon federal question

13  jurisdiction, 28 U.S.C. § 1331, because plaintiff asserts claims

14  under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et

15  seq., and Telephone Consumer Protection Act, 47 U.S.C. § 227 et

16  seq.  The court exercises supplemental jurisdiction, 28 U.S.C.

17  § 1367, over plaintiff's state-law claim under the Rosenthal Fair

18  Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq.

19        Defendant disputes venue in this district and indicates

20  that there may be an arbitration clause in the underlying

21  agreement that governs this matter.

22        IV.  DISCOVERY

23        The parties agree to stay all discovery in this case

24  for sixty days pending defendant's investigation into whether an

25  arbitration agreement governs this matter.  All discovery is

26  hereby stayed until April 1, 2016.  If defendant does not file a

27  motion to compel arbitration by April 1, 2016, the discovery stay

28  shall automatically be lifted and discovery shall proceed as

1   follows:

2           The parties shall serve the initial disclosures

3   required by Federal Rule of Civil Procedure 26(a)(1) by no later

4   than April 29, 2016.

5           The parties shall disclose experts and produce reports

6   in accordance with Federal Rule of Civil Procedure 26(a)(2) by no

7   later than October 4, 2016.  With regard to expert testimony

8   intended solely for rebuttal, those experts shall be disclosed

9   and reports produced in accordance with Federal Rule of Civil

10  Procedure 26(a)(2) no later than November 4, 2016.

11          All discovery, including depositions for preservation

12  of testimony, will be left open, save and except that it shall be

13  so conducted as to be completed by December 2, 2016.  The word

14  "completed" means that all discovery shall have been conducted so

15  that all depositions have been taken and any disputes relevant to

16  discovery shall have been resolved by appropriate order if

17  necessary and, where discovery has been ordered, the order has

18  been obeyed.  All motions to compel discovery must be noticed on

19  the Magistrate Judge's calendar in accordance with the local

20  rules of this court and so that such motions may be heard (and

21  any resulting orders obeyed) not later than December 2, 2016.

22          V.   MOTION HEARING SCHEDULE

23          All motions, except motions for continuances, temporary

24  restraining orders, or other emergency applications, shall be

25  filed on or before February 3, 2017.  All motions shall be

26  noticed for the next available hearing date.  Counsel are

27  cautioned to refer to the local rules regarding the requirements

28  for noticing and opposing such motions on the court's regularly

                                    3

1  scheduled law and motion calendar.

2      VI.   FINAL PRETRIAL CONFERENCE

3          The Final Pretrial Conference is set for March 13, 2017

4  at 1:30 p.m. in Courtroom No. 5.  The conference shall be

5  attended by at least one of the attorneys who will conduct the

6  trial for each of the parties and by any unrepresented parties.

7          Counsel for all parties are to be fully prepared for

8  trial at the time of the Pretrial Conference, with no matters

9  remaining to be accomplished except production of witnesses for

10 oral testimony.  Counsel shall file separate pretrial statements,

11 and are referred to Local Rules 281 and 282 relating to the

12 contents of and time for filing those statements.  In addition to

13 those subjects listed in Local Rule 281(b), the parties are to

14 provide the court with: (1) a plain, concise statement which

15 identifies every non-discovery motion which has been made to the

16 court, and its resolution; (2) a list of the remaining claims as

17 against each defendant; and (3) the estimated number of trial

18 days.

19         In providing the plain, concise statements of

20 undisputed facts and disputed factual issues contemplated by

21 Local Rule 281(b)(3)-(4), the parties shall emphasize the claims

22 that remain at issue, and any remaining affirmatively pled

23 defenses thereto.  If the case is to be tried to a jury, the

24 parties shall also prepare a succinct statement of the case,

25 which is appropriate for the court to read to the jury.

26     VII. TRIAL SETTING

27         The jury trial is set for April 11, 2017 at 9:00 a.m.

28 in Courtroom No. 5.  Defendant estimates that the jury trial will

4

1   last four days.

2        VIII. SETTLEMENT CONFERENCE

3            A Settlement Conference will be set at the time of the

4   Pretrial Conference.  All parties should be prepared to advise

5   the court whether they will stipulate to the trial judge acting

6   as settlement judge and waive disqualification by virtue thereof.

7            Counsel are instructed to have a principal with full

8   settlement authority present at the Settlement Conference or to

9   be fully authorized to settle the matter on any terms.  At least

10  seven calendar days before the Settlement Conference, counsel for

11  each party shall submit a confidential Settlement Conference

12  Statement for review by the settlement judge.  If the settlement

13  judge is not the trial judge, the Settlement Conference

14  Statements shall not be filed and will not otherwise be disclosed

15  to the trial judge.

16       IX.   MODIFICATIONS TO SCHEDULING ORDER

17           Any requests to modify the dates or terms of this

18  Scheduling Order, except requests to change the date of the

19  trial, may be heard and decided by the assigned Magistrate Judge.

20  All requests to change the trial date shall be heard and decided

21  only by the undersigned judge.

22           IT IS SO ORDERED.

23  Dated:  February 2, 2016

24                                WILLIAM B. SHUBB
                                  UNITED STATES DISTRICT JUDGE
25

26

27

28
                                  5